## CIRCUIT COURT OF FAIRFAX COUNTY

Psychiatric Rehabilitation
Services, Inc.

v.

350 S. Washington Street, L.L.C.

November 27, 2000

Case No. (Law) 189778

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before me on October 27, 2000, on the defendant's motion to strike jury demand and pleas in bar. The parties at that time tendered an agreed order striking the jury demand. Evidence and argument were heard in relation to the pleas in bar, which were taken under advisement. For the reasons that follow, the pleas in bar are denied.

A preliminary, and rather troublesome, matter to be addressed is the procedural posture of this case. The plaintiff filed its motion for judgment on August 4, 2000. The defendant filed its pleas in bar (specifically, a plea of payment, plea of release, and plea of accord and satisfaction) on August 30, 2000. As to each plea, the defendant concluded with these words: "A favor of a reply is requested." Rule 3:12 provides that if a plea "sets up a new matter and contains words requesting a reply, the adverse party shall within twenty-one days file a reply admitting or denying such matter." Rule 1:4(e) provides that "an allegation of fact in a pleading that is not denied by the adverse party's pleading, when the adverse party is required by these Rules to file such pleading, is deemed to be admitted."

No reply to the pleas in bar was ever filed by the plaintiff. After the defendant filed a memorandum in support of his pleas in bar on October 13, 2000, the plaintiff did file a memorandum in opposition to the pleas in bar on October 20, 2000. Such memorandum did not constitute a reply as required

by Rule 3:12. Even if it did, it was not timely filed. At no time (even in oral argument on October 27, 2000) did the plaintiff seek leave to file a late reply or to have its memorandum in opposition to the pleas in bar so treated. Defendant contends that as a consequence, under Rule 1:4(e), all factual allegations contained in the pleas in bar are deemed to be admitted. I agree. However, whether those now-admitted factual allegations entitle the defendant to have its pleas in bar granted and the motion for judgment dismissed is a legal conclusion for the court to draw, not a matter that is admitted by or default arising out of the plaintiff's inaction. I find that, even taking the facts alleged in the pleas in bar as admitted and the evidence as presented at the hearing, the pleas in bar must be denied.

As to the plea of release, defendant relies on Paragraphs 6.09 and 22.11 of the lease. Paragraph 6.09 relieves the defendant from liability to perform obligations under the lease upon conveyance of his interest in the property. It is admitted (and was testified to) that the defendant has conveyed the property. But that release only applies to the performance of obligations arising after such conveyance. It is not clear from the Rule 3:12 admissions when the defendant's alleged obligations under the lease arose in relation to the conveyance of the property by the defendant. Indeed, the evidence adduced at the hearing was that the obligations arose before the property was conveyed. In such case, they are not barred by Paragraph 6.09 of the lease.

Paragraph 22.11 purports to limit the assets to which the plaintiff may look to enforce any judgment against the defendant. While I assume for purposes of the plea that the covenant is enforceable, it does not bar the plaintiff from obtaining a judgment against the defendant.

As to the pleas of payment and accord and satisfaction, the facts admitted by the plaintiff in failing to respond under Rule 3:12 and the facts adduced at the hearing do not entitle the defendant to dismissal of the plaintiff's action. The defendant may rely upon the facts admitted before the ultimate trier of fact, but they do not entitle the defendant to dismissal of the case.

The pleas in bar are denied.